IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA M.,[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 7619** |
| v. | ) | |
| | ) | **Magistrate Judge Gabriel A. Fuentes** |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER[2]

Before the Court are Plaintiff Donna M.'s motion and brief in support of reversing and remanding the Commissioner's decision denying her applications for disability benefits (D.E. 13), Defendant's memorandum in support of affirming the Commissioner's decision (D.E. 17, "Def. Mem."), and Plaintiff's reply brief in support of reversal and remand (D.E. 18, "Pl. Reply").

## I.     Procedural History

Plaintiff applied for Disability Insurance Benefits ("DIB") on April 5, 2022, alleging a disability onset date of April 1, 2022. (R. 24.) After a hearing, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's application on May 6, 2024, finding her not disabled under the Social Security Act (the "Act").[3] This appeal followed.

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] On July 25, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 9.)

[3] The Appeals Council subsequently denied review of the opinion (R. 1-7), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

## II.     The ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 1, 2022. (R. 26.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of degenerative joint disease of the right hand and wrist, degenerative joint disease of the bilateral knees, right knee arthroplasty, degenerative disc disease of the cervical spine, degenerative joint disease of the bilateral hips, degenerative disc disease of the lumbar spine, as well as several nonsevere impairments. (R. 26-27.) At Step Three, the ALJ found Plaintiff's impairments alone or in combination did not meet or medically equal any Listing. (R. 28.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") as follows: that she can perform light work, can lift up to 10 pounds occasionally and less than 10 pounds frequently, cannot climb ladders, ropes, or scaffolds, can occasionally climb ramps or stairs, can frequently stoop, crouch, and occasionally crawl, and cannot have exposure to extreme cold. (R. 28-31.) At Step Four, the ALJ found Plaintiff was capable of performing her past relevant work as a secretary and a school secretary, and that this work does not require the performance of work-related activities precluded by her RFC. (R. 31.) Thus, the ALJ determined that Plaintiff was not disabled under the Act. (R. 32.)

## III.    Legal Standard

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of

2

evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id.* at 1054. "Our role is extremely limited, and we do not reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (internal quotations omitted). The Seventh Circuit has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement as ALJs: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## IV.    Analysis

Plaintiff contends that the ALJ erred in three aspects in rendering the decision: (1) the ALJ's failure to identify any manipulative limitations caused by degenerative joint disease of the right hand and wrist as part of Plaintiff's RFC; (2) the ALJ's failure to address the fact that Plaintiff has been diagnosed with osteoarthritis of the left hand and wrists as part of Plaintiff's RFC; and (3) the  ALJ's failure to consider the impact such impairments would have on Plaintiff's ability to perform her past relevant work. [4] (D.E. 13: Pl.'s Mem. in Supp. Of Reversing the Commissioner's Decision ("Pl. Mem.") at 1-2, 10-14.) The Court's discussion of Plaintiff's arguments follows below.

---

[4] Plaintiff stated the third argument but never fully briefed it in her motion or her reply, and Defendant did not address the third argument in his response. *Milhelm v. Kijakazi*, 52 F.4th 688, 693 (7th Cir. 2022) (arguments not raised before the  district court are waived); *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) (claimant's undeveloped arguments generally are waived).

3

**A.      Substantial Evidence Supported the ALJ's Omission of Manipulative Limitations from Plaintiff's RFC.**

On appeal, Plaintiff contends that the ALJ did not clearly explain why manipulative limitations or grip issues caused by Plaintiff's severe osteoarthritis in the right hand and wrist were excluded from Plaintiff's RFC.[5] (Pl. Mem. at 11.) More specifically, plaintiff argues that the ALJ erred in discounting Plaintiff's March 25, 2024 testimony that she cannot grip objects for a long time nor pick up certain objects, that her hand surgery is not scheduled right now although she has seen a surgeon and would like to have it done that year, and that her physician indicated that she would likely need a joint replacement near her right thumb. (Pl. Mem. at 11-12, citing R. 48-49.)[6] However, the ALJ did in fact consider Plaintiff's testimony in his decision, along with objective medical evidence, and reasonably decided to reject Plaintiff's testimony. (R. 30.)

An ALJ need not accept Plaintiff's testimony when the objective medical evidence contradicts that testimony. *Anders v. Saul*, 860 F. App'x 428, 434 (7th Cir. 2021) (finding that the "ALJ permissibly discounted Anders's testimony as inconsistent with the objective evidence");

---

[5] According to the National Institutes of Health, osteoarthritis is a degenerative joint disease. National Institutes of Arthritis and Musculoskeletal Skin Diseases, *Osteoarthritis*, NIH (last updated Sept. 2023), https://www.niams.nih.gov/health-topics/osteoarthritis. Plaintiff refers to her condition as both osteoarthritis of the hand and wrist and degenerative joint disease of the hand and wrist.

[6] On August 13, 2024, Plaintiff submitted a letter with documentation to the Appeals Council, which Plaintiff says is "confirming pending hand surgery on September 26, 2024 and October 24, 2024." (R. 303.) The documentation shows a surgery date of September 13, 2024. (R. 17.) Plaintiff submitted the letter and documentation after the ALJ's May 6, 2024, decision. As the Appeals Council wrote, "this additional evidence does not relate to the period at issue…If you want us to consider whether you were disabled after May 6, 2024, you need to apply again." (R. 2, 17-20, 303-304.) 20 C.F.R. § 404.970 ("If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision…the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application"); *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020), citing *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (concluding that the Court's review is "limited to the ALJ's assessment of [Plaintiff's] 'condition as it existed at or prior to the time of the administrative hearing.'") Plaintiff waives the issue of whether the pending hand surgery documentation should be considered because she did not discuss it in her motion or her reply. *Milhelm*, 52 F.4th at 693 (holding that arguments not raised before the district court are waived); *Schomas*, 732 F.3d at 708 (finding that claimant's undeveloped arguments generally are waived).

4

*Cain*, 148 F.4th at 496 (determining that courts do not reweigh the ALJ's reasonable weighing of the evidence). Here, the ALJ concluded, after reviewing the evidence, "that despite [Plaintiff's] testimony about her hand issues, the records show her grip is mostly normal." (R. 30, citing R. 380, 434, 553, 585, 619, 630.) In making his RFC determination, the ALJ acknowledged plaintiff's testimony but decided to exclude manipulative limitations based on the objective medical record. The ALJ cited substantial evidence from the record for not crediting Plaintiff's testimony about her hand issues, including notes from office visits on April 7, 2022 and March 11, 2023 that measured Plaintiff's hand grip as "5/5" in both the left and right hands (R. 30, citing R. 380, 434, 553, 585.) and showed no difficulty with grip strength (R. 30, citing R. 619, 630.) Therefore, the ALJ's reasoning for discounting Plaintiff's testimony, and not including manipulative limitations in the right hand and wrist in her RFC, was clearly explained and supported by substantial evidence in the record. *Pufahl v. Bisignano*, 142 F.4th 446, 458 (7th Cir. 2025) (determining that the Court "will overturn the ALJ's evaluation of a claimant's subjective symptoms only if it is patently wrong, which means that the decision lacks any explanation or support").

Plaintiff also asserts that the ALJ made no mention of X-rays taken of Plaintiff's hands and wrists on December 12, 2023, which, if considered, would support the inclusion of manipulative limitations in her RFC.[7] (Pl. Mem. at 12, citing R. 754, 756.) But the X-rays and the physician's impressions of them were relied upon by the ALJ in his decision. (R. 28.) The ALJ cited the Office

---

[7] Plaintiff alleges that her hand issues were so extreme that she would require surgery (Pl. Mem. at 13). Despite Plaintiff's representation that she would need surgery, there was no evidence that Plaintiff would need hand surgery in the record at the time the ALJ made his decision on May 6, 2024. The only other mention of hand surgery was submitted to the Appeals Council on August 13, 2024. (R. 303.) The Appeals Council determined that the record of hand surgery scheduled for September 2024 does not relate to the period at issue, given that the ALJ decided the case through May 6, 2024, and explained the procedure for filing an application for benefits if Plaintiff wanted the Commissioner to consider whether she was disabled after May 6, 2024.  (R. 2.)

Treatment Records with Test Results, dated 05/06/2023 to 02/22/2024, from Orchard Medical Center. (R. 28, citing R. 708-759.) As the Seventh Circuit has clarified, the ALJ is not required to provide "a complete written evaluation" of every piece of evidence, and as such the ALJ adequately grappled with this evidence by relying on the Office Treatment Records in his decision. *Warnell*, 97 F.4th at 1053-54. Further, the ALJ specifically pointed to "imaging" as something he considered when determining whether Plaintiff has an impairment that meets or medically equals any listing. (R. 28.)

Plaintiff focuses on two pages within the Office Treatment records, which include X-rays and physician notes. (R. 754, 756). [8] These X-rays and physician's notes, which reveal severe osteoarthritis of the triscaphe joint, the lunocapitate joint and the first carpometacarpal joint of the right hand, as well as arthritis of the right thumb and DIP joints, align with the ALJ's finding that Plaintiff had a severe impairment of degenerative joint disease of the right hand and wrist.[9] (R. 26, 754, 756.) The records do not speak further to what Plaintiff's actual limitations were from this impairment. The ALJ more than sufficiently considered Plaintiff's bilateral hand arthritis. (R. 28, 31, citing R. 754, 756.) Indeed, the ALJ credited the Plaintiff's bilateral hand arthritis and made it central to his RFC determination.[10]

Further, the Court is not persuaded by Plaintiff's argument that the ALJ erred by failing to explain why he excluded manipulative limitations from Plaintiff's RFC, despite finding that she had degenerative joint disease of the right hand and wrist. As noted above, the ALJ articulated

---

[8] Plaintiff points to imaging studies of both the right and left hand. (Pl. Mem. at 12). The Court will address the left hand at length in Part B.

[9] As noted above, osteoarthritis is a degenerative joint disease.

[10] The ALJ writes that "evidence of claimant's bilateral hand arthritis warrant reduction in her ability to lift and carry." (R. 31.)

why he excluded manipulative limitations from Plaintiff's RFC, satisfying the "minimal of articulation requirements." *Warnell*, 97 F.4th at 1053. (R. 30.) Plaintiff presents no evidence that the ALJ was required to include manipulative limitations in Plaintiff's RFC merely because Plaintiff had a severe impairment of degenerative joint disease of the right hand and wrist. As Defendant clarifies, just because Plaintiff received a diagnosis of an impairment, it does not mean she is automatically entitled to certain limitations in her RFC, or that not including certain limitations in the RFC renders the ALJ's decision unsupported by substantial evidence. *See Nicole M. v. Kijakazi*, No. 21 C 6441, 2023 WL 2138767, at *5 (N.D. Ill. Feb. 21, 2023) (concluding that "a diagnosis alone does not establish that an impairment is severe or disabling"); *Carter v. Astrue*, 413 F. App'x 899, 906 (7th Cir. 2011) (finding that even if Plaintiff had impairment, it does not relieve plaintiff of requirement to show limitations and prove disability). And to the extent that Plaintiff is arguing that evidence suggesting manipulative limitations, such as Plaintiff's testimony, should have been given greater weight, it is not the Court's role to "reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain*, 148 F.4th at 496; *see also Rabdeau v. Bisignano*, 155 F.4th 908, 913 (7th Cir. 2025) (affirming ALJ decision that "sufficiently contended" with evidence and "ultimately weighed the equivocal record in a way that disfavors" the claimant).

In making his RFC determination, the ALJ went further than what the state agency recommended and included additional limitations because "hearing level evidence of claimant's bilateral hand arthritis warrant reduction in her ability to lift and carry, which is reasonably no more than ten pounds." (R. 31.) The Plaintiff is now asking the Court to limit her RFC even more to include manipulative limitations. Plaintiff bears the burden to show additional limitations affecting her capacity to work. *Thorlton v. King*, 127 F.4th 1078, 1080-81 (7th Cir. 2025). Plaintiff

is unable to point to any other evidence that the ALJ overlooked in favor of including manipulative limitations in her RFC. The "ALJ need only include limitations [in the RFC] that are supported by the medical record." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022). As the Defendant notes, no physician in the record recommended including additional manipulative limitations in Plaintiff's RFC. (Def. Mem. at 4, 6.) The Seventh Circuit recognizes where a Plaintiff "did not provide any opinion from a doctor who would have imposed greater restrictions than those the ALJ found in his decision" that an "ALJ's careful consideration is shown by the fact that he departed from the residual functional capacity recommended by the state agency physicians" and imposed additional limitations. *Tutwiler v. Kijakazi*, 87 F.4th 853, 859–60 (7th Cir. 2023). Similarly, here, the ALJ permissibly relied on the state agency doctors, and when he deviated from their findings, he found the Plaintiff's RFC more limited than those doctors. (R. 31.) Therefore, the Plaintiff fails to meet her burden of proving Plaintiff's additional limitations, particularly considering that the limitations already went beyond what the state agency physicians recommended, and the ALJ's omission of manipulative limitations from Plaintiff's RFC was supported by substantial evidence.

> **B. Substantial Evidence Supported the ALJ's Findings Related to Plaintiff's Left Hand and Wrist.**

Plaintiff next argues that the ALJ erred in failing to consider evidence related to Plaintiff's osteoarthritis of the left hand in determining her RFC, including X-rays of her left hand taken on December 12, 2023,[11] because the ALJ did not include left-hand arthritis as a severe impairment. (Pl. Mem. at 14., citing R. 756.) Although the ALJ did not specifically list left-hand arthritis as a severe impairment, this oversight was harmless, as the ALJ not only considered evidence of

---

[11] The X-rays reveal severe osteoarthritis of the left hand and wrist and are consistent with the ALJ's finding that Plaintiff had bilateral hand arthritis. (R. 31, 756.)

arthritis in the Plaintiff's left hand and wrist but also accounted for it in his RFC determination and supported it with substantial evidence. (R. 31.)

At Step Three, the ALJ referred to both hands and cited the X-rays of the right and left hands among other medical evidence when discussing whether Plaintiff's impairments alone or in combination meet or medically equal any Listing. (R. 28.) The ALJ noted that there is no evidence of "an inability to use both upper extremities" and that there is no documented medical need for "a cane, walker, or crutches, or a wheeled and seated mobility device involving use of both hands." (*Id.*) The inclusion of the word "both" signals that the ALJ considered impairments in the right *and* left hand. And contrary to Plaintiff's allegation that the ALJ ignored the X-rays of the left hand, the ALJ relied on and specifically cited to the medical evidence in the record which contains those X-rays, in support of the findings related to both hands. (*Id.*, citing R. 708-759)

Additionally, when determining Plaintiff's RFC, the ALJ referenced Plaintiff's "bilateral hand arthritis" as the reason to further limit her RFC. (R. 31.) By doing so, the ALJ adequately acknowledged and accounted for Plaintiff's hand arthritis of her left hand, not just her right hand. The ALJ also addressed the duality of Plaintiff's hand arthritis elsewhere in the opinion, which the Court reviews holistically (*Thorlton*, 127 F.4th at 1082), in several other places when assessing her RFC. He wrote that "arthritic changes in her hands" prompted Plaintiff to get "cortisone injections for pain relief" and that the Plaintiff was "further limited in lifting and carrying, postural and manipulation movements due to arthritis in her hands and knees." (R. 30, citing R. 780-788.) These statements, which refer to Plaintiff's hands in plural form, demonstrate that the ALJ considered the evidence of arthritis in the left hand when determining Plaintiff's RFC.

Although the ALJ did not include degenerative joint disease of the left hand and wrist at Step Two as a severe or non-severe impairment, this is a harmless error. A Step Two error is

9

harmless "if the ALJ finds a claimant has any severe impairment and goes on to sufficiently address the aggregate effect of all the claimant's severe and non-severe impairments later in his analysis." *Dorothy B. v. Berryhill*, No. 18 CV 50017, 2019 WL 2325998, at \*2 (N.D. Ill. May 31, 2019) citing *Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015) (finding error harmless "because the ALJ properly considered all of Curvin's severe and non-severe impairments, the objective medical evidence, her symptoms, and her credibility when determining her RFC immediately after step 3."); *Crowell v. Kijakazi*, 72 F.4th 810, 818 (7th Cir. 2023) (concluding it was a harmless error when the ALJ "did not specifically list bipolar disorder at step two as one of Crowell's severe impairments," but he considered her bipolar disorder when determining her RFC). Here, although the ALJ omitted the left hand and wrist from the list of Plaintiff's impairments, such omission was harmless where the ALJ properly considered Plaintiff's left hand and wrist arthritis, when he referred to "bilateral hand arthritis," when determining Plaintiff's RFC (R. 31.) Thus, although the ALJ omitted left-hand impairments at Step Two, it did not affect his determination of plaintiff's RFC and therefore is harmless. The Seventh Circuit has made clear that the ALJ's decision should be reviewed "holistically to determine whether the ALJ grappled with evidence favorable to the claimant." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025). The Court finds that the ALJ's decision, viewed holistically, adequately articulated Plaintiff's left-hand impairment, as well as the other medical evidence, and reached an RFC determination supported by substantial evidence.

    **C.    The ALJ Properly Determined That Plaintiff Could Perform Her Past Relevant Work.**

Lastly, Plaintiff states that the ALJ "failed to consider the impact Plaintiff's hand and wrist impairments would have on Plaintiff's ability to perform her past relevant work as Secretary and School Secretary, occupations that require either constant or frequent bilateral handling and

fingering in a competitive work environment on a regular and continuing basis." (Pl. Mem. at 2.) Beyond stating this in the beginning outline section of the brief, Plaintiff did not develop this argument and failed to offer any analysis or case law in support of her claim. *Milhelm*, 52 F.4th at 693 (holding that arguments not raised before the district court are waived); *Schomas*, 732 F.3d at 708 (finding that claimant's undeveloped arguments generally are waived). Even if Plaintiff had elaborated on this claim, the ALJ properly considered evidence related to Plaintiff's hand and wrist as discussed above, and the Court rejects Plaintiff's argument that she could not perform her past relevant work.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to reverse and remand the ALJ's decision (D.E. 13) and grants Defendant's request for the Court to affirm the ALJ's decision (D.E. 17).

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED:  March 2, 2026**

11